UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT E. WILLINGS, SR. and
INEZ WILLINGS,

      Plaintiffs,

  v.

INTERNATIONAL PORTFOLIO
MANAGEMENT INCORPORATED,
a New York corporation, TIMOTHY
ARENT, an individual, and JEFFREY
MAYER, an individual,

      Defendants.

_____/

Case No. 1:04-CV-139

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiffs Robert E. Willings, Sr. and Inez Willings' Motion for Default, for Default Judgment or Final Judgment and for Determination of Damages. Plaintiffs brought their Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act, MICH. COMP. LAWS § 339.901 *et seq.* On March 31, 2005, Plaintiffs moved for partial summary judgment against Defendant International Portfolio Management Incorporated ("IPM") as to liability only. The Court granted Plaintiffs' Motion for Partial Summary Judgment and found that Defendant IPM violated 15 U.S.C. §§ 1692c, 1692e, 1692f, and MICH. COMP. LAWS § 339.915.

      On August 17, 2005, the Court granted Defendant IPM's counsel's request to withdraw, citing Defendant IPM's failure to provide necessary information and pay its attorney's fees. The Court ordered Defendant IPM to obtain substitute counsel within 30 days under pain of default and

default judgment. Defendant IPM failed to obtain substitute counsel and the Court ordered Plaintiffs to seek entry of default.[1] The instant Motion followed.

Plaintiffs' Motion seeks default judgment against Defendant IPM and Defendant Jeffrey Mayer.[2] Default was entered against Defendant Mayer on July 6, 2004. Although partial summary judgment has been entered against Defendant IPM, Plaintiffs have not applied for entry of default against it.[3]

Under Federal Rule of Civil Procedure 55, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." FEDERAL PRACTICE & PROCEDURE at § 2682.; *Ramada Franchise Sys., Inc. v. Baroda Enter., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Thus, "entry of default is a prerequisite to a default judgment." *Ramada Franchise*, 220 F.R.D. at 305. As indicated Plaintiffs have not applied to the Clerk for entry of default. Nevertheless, since the Court observes that Defendant IPM has failed to otherwise defend this action and that fact has been judicially noticed, the Court will direct the Clerk to enter default under Rule 55(a). Plaintiffs' Motion for Default, for Default Judgment or Final Judgment and for Determination of Damages will be denied without prejudice as premature under

---

[1] While ordinarily default enters against defendants who fail to file a responsive pleading, default may also enter against defendants who fail to comply with court orders. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2682 (3rd ed. 1998) (citing cases).

[2] Defendant Timothy Arent petitioned for bankruptcy and on August 4, 2005, the Court closed proceedings against him pursuant to 11 U.S.C. § 362.

[3] The Court's October 31, 2005 Order indicated that Plaintiffs were ordered to file a default within ten days. Plaintiffs moved in response to that Order by seeking default judgment. Default and default judgment are separate and distinct events and require separate treatment.

Rule 55. The Court invites Plaintiffs to move for default judgment under Rule 55(b)(2) after the Clerk enters default.[4]

Because the Court will deny Plaintiffs' Motion for Default Judgment against Defendant IPM, the Court will stay decision of Plaintiffs' request for default judgment against Defendant Mayer, finding it prudent to simultaneously consider default judgment against Defendants IPM and Mayer.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Robert E. Willings, Sr. and Inez Willings' Motion for Default, for Default Judgment or Final Judgment and for Determination of Damages (Dkt. No. 75) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk shall enter default against Defendant International Portfolio Management Incorporated.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
January 6, 2006  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE

---

[4] In lieu of a hearing, Plaintiffs shall also submit reference material—if Plaintiffs deem such references necessary—establishing and supporting their claimed damages. FED. R. CIV. P. 55(b)(2).