UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT E. WILLINGS, SR. and
INEZ WILLINGS,

       Plaintiffs,

v.

INTERNATIONAL PORTFOLIO
MANAGEMENT INC., a New York
corporation and JEFFREY MAYER,
an individual,

       Defendants.

_____/

Case No. 1:04-CV-139

Hon. Richard Alan Enslen

**OPINION**

       This matter is before the Court on Plaintiffs Robert E. Willings, Sr. and Inez Willings' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiffs seek default judgment against Defendant Jeffrey Mayer, against whom default was entered on July 6, 2004. Plaintiffs also seek default judgment against Defendant International Portfolio Management Incorporated ("IPM"), against which default was entered on January 9, 2006. These entries of default established Defendants' liability for the well-pled allegations in Plaintiffs' Complaint. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). The remaining task is the entry of default judgment.

       Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. The case law makes clear, however, that the Court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 10A FEDERAL PRACTICE & PROCEDURE

§ 2685 (3rd ed. 1998) (citing cases). Plaintiffs' Complaint charges Defendants with one count of liability under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and one count of liability under the Michigan Collection Practices Act ("MCPA"), MICH. COMP. LAWS § 339.901 *et seq.* Plaintiffs' Complaint further articulates what the Court deems to be particularly egregious violations of FDCPA and MCPA, which warrant repetition.

According to Plaintiffs' Complaint, which the Court accepts as an accurate factual account, Defendant Mayer telephoned Plaintiff Inez Willings stating that she owed Defendant IPM approximately $5,600 on a credit card account. Plaintiff Inez Willings directed Defendant Mayer to speak with Plaintiff Robert E. Willings, Sr., who disputed the debt and informed Defendant Mayer they did not have an account matching Defendants' description. Defendant Mayer acknowledged as much and indicated that Plaintiffs' had been the victim of identity theft by their daughter. Plaintiff Robert E. Willings, Sr. instructed Defendant Mayer to direct all future communications to his attorney and terminated the phone call. Defendant Mayer telephoned back immediately and stated that he would not be made a fool of and this was not a joke; if Plaintiffs did not pay their debt by 10:00 p.m. that evening Defendant Mayer would have the police summoned to Plaintiffs' home the next day to take them to jail. Plaintiffs reiterated their desire to speak with an attorney before discussing the matter further. At that point, Defendant Mayer informed Plaintiff he would fly to Michigan and have Plaintiffs shackled and dragged off to jail.

The next day, Defendant Mayer telephoned Plaintiffs and demanded payment of the debt, offering to satisfy the debt at a discount of $2,800. Defendant Mayer again threatened Plaintiffs with a stay in jail. Defendant Mayer further informed Plaintiffs that he would take their social security money and that he knew social security payments were Plaintiffs' primary income source because

he had looked into their bank accounts. Defendant Mayer repeated these telephone calls on several other occasions. When these events occurred, Plaintiff Robert E. Willings, Sr. was 74 years old and Plaintiff Inez Willings was 73 years old. Due to Defendants' outrageous conduct, Plaintiffs have suffered increased blood pressure, loss of sleep, fear, intense emotional stress and mental anguish.

Under FDCPA, Plaintiffs seek $1,000 in statutory damages because Defendants' conduct was customary and intentional. 15 U.S.C. §§ 1692k(a)(2)(A) & k(b)(1). Plaintiffs have pled and established such conduct on behalf of Defendants, and thus, the Court finds they are entitled to $1,000 in statutory damages. Plaintiffs also seek actual damages under FDCPA for emotional damages (*i.e.*, their personal humiliation, embarrassment, mental anguish and emotional distress). Plaintiffs have pled facts that establish an egregious FDCPA violation. Accordingly, emotional damages are certainly appropriate. *See Becker v. Montgomery, Lynch*, No. Civ.A. 1:02CV 874, 2003 WL 23335929 (N.D. Ohio Feb. 26, 2003); *Boyce v. Attorney's Dispatch Serv.*, No. C-39-94-347, 1999 WL 33496505 (S.D. Ohio Apr. 27, 1999); *see also Gervais v. O'Connell, Harris & Assoc. Inc.*, 297 F. Supp. 2d 435, 440 (D. Conn. 2003) (referencing *Conboy v. AT & T Corp.*, 84 F. Supp. 2d 492, 507 (S.D. N.Y. 2000) ("emotional distress damages are recoverable in cases alleging a violation of the FDCPA")). "State law requirements regarding the proof of intentional or negligent infliction of emotional distress are not applicable to actual damages under the FDCPA." *Becker*, 2003 WL 23335929, at *2. Therefore, given Defendants' disturbing and reprehensible behavior, the Court finds Plaintiffs are entitled to an award of $10,000 in actual damages.[1] Such an award comports with

---

[1] Plaintiffs have requested $25,000 in actual damages for the emotional distress they suffered. Although the Court agrees that actual damages are appropriate, a $25,000 award appears to be excessive given the degree of harm caused (increased blood pressure, loss of sleep, fear, intense emotional stress and mental anguish).

the main purpose of FDCPA, "to 'eliminate abusive debt collection practices . . . .'" *Lee v. Thomas & Thomas*, 109 F.3d 302, 305 (6th Cir. 1997) (citing 15 U.S.C. § 1692(e)).

Finally, Plaintiffs seek an award trebling the amount of their actual damages under MCPA in light of Defendants' willful violation of that Act. MICH. COMP. LAWS § 339.916. Even the most conservative review of Plaintiffs' Complaint evinces a willful violation of MCPA on Defendants' behalf and a civil penalty is more than warranted. Thus, the Court will treble Plaintiffs' actual damage award to $30,000, bringing Plaintiff's total recovery to $31,000. Plaintiffs are also entitled to reasonable attorney's fees and costs under FDCPA and MCPA. Plaintiffs are directed to submit an affidavit and other materials evidencing Plaintiffs' counsel's hourly billing rate; the number of hours expended; a breakdown of the dates the work was performed; the nature of the work performed; the length of time spent on each task; and any documentary evidence establishing costs. A Default Judgment consistent with Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    March 10, 2006 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |